UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANAL BARGE COMPANY, INC.** | C.A. NO. |
| **VERSUS** | DISTRICT JUDGE: |
| **SAN MIGUEL SHIPPING, CONSIGNATARIA SAN MIGUEL, S.A. DE CV, GODOFREDO VERGARA** | MAGISTRATE JUDGE: |

### COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Canal Barge Company, Inc., and for its Complaint against Defendants, Consignataria San Miguel S.A de CV, San Miguel Shipping, LLC and Godofredo Vergara, represents with respect as follows:

1.

Canal Barge Company, Inc. is a corporation organized and existing under the laws of Louisiana, which maintains its principal place of business in New Orleans, Louisiana.

2.

Defendant, Consignataria San Miguel, S.A. de CV, is, on information and belief, a Mexican corporation organized and existing under the laws of Mexico, which maintains its principal place of business in Veracruz, Mexico.

3.

Defendant, San Miguel Shipping, LLC, is, on information and belief, a limited-liability company organized and existing under the laws of Texas, which maintains its principal place of business in Houston, Texas.

#100854179v1

4.

Defendant, Godofredo Vergara, is, on information and belief, a Mexican citizen who resides in Mexico and also in Houston, Texas. Vergara is the manager and principal owner of both San Miguel Shipping, LLC and Consignataria San Miguel, S.A. de CV (jointly referred to as "San Miguel").

5.

Jurisdiction exists under 28 U.S.C. § 1333, as the debt at issue arises from the defendants' breach of maritime contracts relating the provision by Canal Barge of vessel-transportation services for the benefit of the defendants.

6.

Venue is proper because the contracts at issue were negotiated in part from New Orleans and because the parties have contractually agreed upon this forum for the resolution of disputes.

7.

San Miguel, through Vergara, approached Canal Barge in early 2020 with a request that Canal Barge transport miscellaneous cargo for its benefit on multiple ocean voyages between Tampico, Mexico and ports on the U.S. Gulf Coast.

8.

The discussions led to the signing on March 3, 2020 of a Contract of Affreightment between Canal Barge and San Miguel under which Canal Barge agreed, in return for a stipulated price, to transport cargo aboard Canal Barge's deck barge PROMETHEUS in tow of the offshore tug CROSBY CRUSADER between the Mexican and U.S. Ports.

9.

Canal Barge successfully prosecuted six roundtrip voyages thereafter, in which San Miguel's designated cargo was loaded on the PROMETHEUS in Tampico; towed by the CROSBY CRUSADER to U.S. Gulf ports; and safely offloaded into the care of the consignees.

10.

San Miguel and Vergara were satisfied with the vessels and services supplied by Canal Barge and agreed that Canal Barge fully met its obligations under and in connection with the Contract of Affreightment.

11.

Canal Barge timely invoiced San Miguel for the costs of the transportation and related services that were provided.

12.

San Miguel and Vergara agreed that Canal Barge's invoices were in all respects fair and correct and reflected sums validly owed by San Miguel to Canal Barge for the transportation and related services.

13.

Due to its own financial difficulties, San Miguel failed to pay some of the amounts due under the Canal Barge invoices. San Miguel therefore breached the Contract of Affreightment. As of March 15, 2021, the parties agreed that San Miguel had failed to pay the sum of $319,264.88, which was validly due and owing under Canal Barge invoices.

14.

Under the Contract of Affreightment, in addition to the principal amount owed, San Miguel also owes interest on the outstanding indebtedness at the rate of 1½% per month, commencing 30

days after the date of each invoice. Interest owed through March 15, 2021 by agreement of the parties was $53,000. Interest has continued to accrue since that date on the amount remaining due at the contractually-agreed rate of 1.5% per month.

15.

Under the Contract of Affreightment, San Miguel also owes Canal Barge for the attorney's fees and costs it incurs to enforce the contract. Due to San Miguel's breach of the contractual payment terms, Canal Barge has reasonably sought the assistance of legal counsel.

16.

The full debt owed by San Miguel (plus interest and Canal Barge's costs and attorney's fees) is guaranteed by Godofredo Vergara, in his individual capacity. As guarantor, Vergara agrees to be bound jointly and severally with the San Miguel companies to pay the full amount owed to Canal Barge.

17.

In March 2021, a settlement agreement was reached between the parties to resolve the outstanding indebtedness (See Exhibit 1). Under the terms of the settlement, Defendants were to pay a stipulated sum per month to Canal Barge until the debt was fully paid. As a term of the settlement agreement, the parties agreed that, in the event of a breach of the payment terms, Canal Barge would be authorized to file suit in this Court to collect the debt and to enforce a consent judgment signed by the defendants.

18.

Defendants have breached the settlement agreement. They have failed to make the payments required thereunder. Despite amicable demand, defendants have failed to rectify their default.

19.

To protect Canal Barge from the possibility of such a default, the defendants executed a Consent Judgment (Exhibit 1-A), in which San Miguel and Vergara consented to the entry of a judgment against them in this court, rendering them jointly and severally liable for the debt owed to Canal Barge. Vergara executed an Affidavit, (Exhibit 1-B), in which he acknowledged the truth of the truth of the facts alleged herein.

20.

Also, Vergara agreed to accept service of process by email (sent to g.vergara@sm-shipping.com) on behalf of both San Miguel entities and on his own behalf personally.

21.

San Miguel and Vergara waived any and all defenses with respect to the debts acknowledged in the settlement agreement. San Miguel and Vergara also waived any rights to notice, demand, presentment, service of process, and to an accounting.

22.

San Miguel and Vergara consented to jurisdiction and venue in this Court and waived any objections thereto.

23.

San Miguel and Vergara also waived any right to a trial by jury.

24.

The settlement agreement stipulates that it is to be governed by and construed in accordance with U.S. federal maritime law.

25.

Under the Contract of Affreightment and settlement agreement, given Defendants' failure to make the payments required thereunder, Canal Barge is entitled to judgment against San Miguel and Vergara jointly and severally for the full outstanding debt.  After crediting Defendants for certain payments made since March 2021, Defendants still owe principal due under Canal Barge's invoices of at least $169,706.59, plus interest of $53,000 through March 15, 2021; plus continuing interest on the outstanding sums at the rate of 1½% per month from March 16, 2021 until paid; plus the $20,000 in stipulated pre-litigation costs, plus all ongoing attorney's fees.  As of January 10, 2023, the total sum owed by Defendants is at least $326,684.41, plus continuing interest of 1.5% per month and Canal Barge's continuing attorney's fees incurred in connection with suit.

**WHEREFORE**, Canal Barge respectfully prays that, after the proceedings:

1. The Court enter judgment jointly and severally against Defendants, Consignataria San Miguel, S.A. de CV, San Miguel Shipping, LLC and Godofredo Vergara, and in favor of Canal Barge, awarding Canal Barge its proven damages, together with pre-judgment and post-judgment interest, its attorney's fees and all costs of this proceeding; and

2. Canal Barge be granted such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ Alfred J. Rufty, III
ALFRED J. RUFTY, III (#19990)
AUSTIN S. GLASCOE (#38236)
Jones Walker LLP
201 St. Charles Avenue - Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8547   Fax: (504) 589-8547
arufty@joneswalker.com;
aglascoe@joneswalker.com
**COUNSEL FOR PLAINTIFF, CANAL BARGE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2023, a copy of the foregoing has been forwarded to all counsel of record by United States mail, first class postage prepaid, electronic filing, email and/or facsimile.

/s/ Alfred J. Rufty, III

#100854179v1